Anieeto SANCHEZ; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–74072.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 2, 2009.

Anieeto Sanchez, Lake Elsinore, CA, pro se.

Guadalupe Otamendi, Lake Elsinore, CA, pro se.

Paul F. Stone, Esquire, Ari Nazarov, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Anieeto Sanchez and Guadalupe Otamendi, husband and wife and natives and citizens of Mexico, petition pro se for review of a Board of Immigration Appeals decision denying, as untimely and without

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

merit, their motion to reopen proceedings to apply for protection under the Convention Against Torture (CAT), following the denial of their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *He v. Gonzales*, 501 F.3d 1128, 1130–31 (9th Cir.2007), and we deny the petition for review.

Petitioners contend their motion to reopen was timely because there is no time limit for motions to reopen that seek relief under the CAT, and because they only recently became aware of "widespread torture" in Mexico. The motion was untimely because petitioners filed it outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2), which does not specifically exclude CAT claims from the time limit. Moreover, the exception to the time limit based on changed country conditions does not apply because petitioners did not present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He*, 501 F.3d at 1131–32.

Petitioners also contend the Board erred in concluding that even if the motion to reopen were timely, they did not establish a prima facie case of eligibility for relief under the CAT. We are unpersuaded, because the generalized evidence attached to the motion did not establish petitioners would more likely than not be tortured if removed to Mexico. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (requiring movant to establish prima facie case for eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**